PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a hole while she was traveling on W. Va. Route 58 inBridgeport, Harrison County. W. Va. Route 58 is a road maintained by respondent in Harrison County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 5:00 p.m. on October 17, 2003, a clear afternoon. Claimant was traveling on W. Va. Route 58 in her 2003 Chrysler PT Cruiser. W. Va. Route 58 is a two-lane highway at the area of the incident involved inthis claim. Claimant testified that she was driving in heavy traffic which was stop-and-go due to an upcoming traffic signal. As Ms. McNemar drove forward, her vehicle struck a hole that she had not seen because it was hidden from her view by a vehicle in front of her. Her vehicle struck the hole sustaining damage to the right front and rear rims and tires. Claimant’s vehicle sustained damage totaling $913.30. Her insurance deductible was $500.00
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 58 at the site of the claimant’s accident for the date in question.
John Barberio, Highway Administrator for the respondent in Harrison County, testified that this area of W. Va. Route 58 had been paved sometime in September of *184 2003. He stated that the only way this hole likely could have formed was if there was a manhole cover there, and when it was paved over, the crews left the pavement there high. Mr. Barberio stated that the first time he was made aware of this hole was when a complaint from a private citizen was received stating that there was a hole near a grate and that the citizen was going to mark it in some way so that respondent could find it easier. It was at this point that respondent went out and filled the hole. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 58 on the date of or prior to claimant’s incident herein.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on W. Va. Route 58. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition, and further, respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00, her insurance deductible.
Award of $500.00.